## MILLER *v.* MILLER, qui tam, &c.

Where evidence has been improperly admitted and then withdrawn, its admission is not the subject of a writ of error. S. P. Unangst *v.* Kræmer, 8 Watts & Serg. 401.

Where two persons joined in signing a note, that is the evidence of the contract and a merger of previous agreements for a loan to one.

This court will not reverse for a variance between the *narr.* and the evidence, unless the attention of the court below has been directed to the defect.

In error from the Common Pleas of Lehigh county.

*Dec.* 22. Debt to recover the penalty for taking usurious interest.

The *narr.* stated a corrupt bargain and taking, for a forbearance on the sum of $213, on the 27th of February, 1843, lent and advanced by the said defendant to John Frederick and Joseph Keifer, from the said 27th of February, 1843, until the 27th of February, 1844, to wit, one year.

Keifer proved he borrowed the money to pay Frederick, who was his surety in the note. That he received $213 and paid $13 50, which was received as one year's interest on the note. That at the time of the application for the loan, defendant said he had no money, but would try to get some if the parties would pay so much.

The plaintiff gave in evidence the record of a judgment on a note for $100, to which the defendant excepted. The plaintiffs then withdrew it, as not being the note in question. He then gave in evidence a judgment note, and a judgment entered thereon; this was dated the 27th of February, 1843, and was a joint and several promise by John Frederick and Joseph Keifer, to pay to Miller's order $225, twenty days after date.

The court (BANKS, P. J.) instructed the jury, that if the interest was knowingly received on the note while a less sum was actually loaned, the transaction was usurious. That the note constituted the contract of loan, and was the only contract made with defendant in relation to it, and that the declaration was right in form and substance.

Of the nine errors assigned, those relied on are noticed in the argument.

*C. Davis,* for plaintiff in error.—The necessity of procuring the money which was in other persons' hands, was sufficient to entitle the party to compensation, and this should have been left to the jury. Kent *v.* Phelps, 2 Day, 483.

But there was a fatal variance; the evidence was of a contract distinct from the note, which was but a security; the charge that this was conclusive evidence was wrong. Wade *v.* Wilson, 1 East, 195. It cannot be laid two ways, or if laid according to the note it was erroneous, for that was a loan of twenty days; the *narr.* is for one year. [*Per Cur.*—You did not object on the ground of variance at the trial, when it might have been corrected.] But the court said it was right, and the evidence entitled the party to recover under it.

The court were wrong in admitting the evidence objected to, and the subsequent withdrawal did not cure it.

*Hornbeck,* contra:—The note was the only evidence of the contract. The *narr.* was not on the loan, but on the forbearance and

taking illegal interest for that indulgence ; it is from the approved form in Chitty. See also, Com. on Usury, 231, 232, 237, 238.

*Dec.* 7, ROGERS, J.—This was an action of debt, *qui tam*, for taking and receiving usurious interest on a loan of $213 to John Frederick and Joseph Keifer.

The trial resulted in a verdict for the plaintiff, and the plaintiff in error, who was defendant below, has assigned several errors, all of which may be reduced to a few prominent propositions.

1. It is alleged that the court erred in receiving in evidence the record, which is the subject of the bill of exceptions. It was conceded at the trial, that the record was improperly admitted, but, after receiving it, and discovering the mistake, it was immediately withdrawn. The only objection to it was, that it was the wrong record, and, consequently, immaterial to the issue. Surely, such evidence as this can be withdrawn, as it is difficult to perceive what injury it could possibly do to the adverse party. It is the practice to permit evidence to be withdrawn, when it has been improperly and inadvertently received ; and unless this is permitted, and the court allowed to correct the mistake, they would be compelled either to dismiss the jury, or to try the case under a certainty of reversal if the verdict should be adverse to the party against whom the error was committed. If there is good reason to apprehend that the testimony which has been improperly admitted will work an injury to the adverse party, the court may, in its discretion, dismiss the jury, or grant a new trial. Although the latter will be rarely done, as, perhaps, it would be unjust to grant a new trial where the party has consented to take his chance of a verdict ; at any rate it is not such an error as would justify this court in reversing the judgment. It is error, if any, which may, with more effect, and with a better chance of doing substantial justice, be corrected in the court below.

But was there error in instructing the jury that the note constituted the contract of loan made by the defendant ?—that the declaration was right, in form and substance ; that the declaration alleges a receipt of usurious interest from John Frederick and Joseph Keifer ; whereas, the proof is, that the receipt is from Joseph Keifer alone ; and that the *narr:* counts on a contract of loan for a year, from 27th February, 1843, to 27th February, 1844, whereas, the record given in evidence shows, that the note was payable twenty days after date, and is dated 27th February, 1843. The exceptions, as above stated, comprise the whole case as it has been submitted to us, in the argu-

ment, except the eighth error; and as to that, it is enough to say, that there is no evidence to submit to the jury on which the point can arise.

Joseph Keifer, to whom the money was loaned, testifies, that the note was given by him to John Frederick; that he did not receive the money at once; that he alone borrowed it, and that Frederick was his surety, but that the money was borrowed to pay Frederick, to whom he was indebted. It is contended, that under these circumstances, the loan was to Keifer alone, and that it was wrong to declare on it as made to Keifer and Frederick. If this were so, although a technical objection, there could be no recovery, and so the court instructed the jury. But was the loan to Keifer alone? We think not. The note constitutes the only proper evidence of the contract, which was with both, not with one. Although the application for the loan may have been made by Keifer alone, who received it and paid it over to Frederick, and as to him was the principal debtor, yet, so far as the creditor was concerned, both are debtors. It is loaned to both; and it may be, exclusively on the credit of the surety. The court was therefore right in saying to the jury that the note constituted the contract of loan made by the defendant, and that it was the only contract made with the defendant in relation to it. It is this that secured the money loaned, and on this contract alone could the creditor maintain an action for its recovery. All previous negotiations are merged in this note; for, so far as respects the parties, the contract was only complete at the time the note was executed. The separate contract, if any existed, is merged in the joint contract. Nor do we see any force in the allegation, that the declaration alleges a receipt of usurious interest from John Frederick and Joseph Keifer; whereas, the proof is of the receipt of $13 50 from Keifer alone. As they are joint debtors, the payment of one is the payment of both; and, therefore, the pleader is right in averring, that the usurious interest was received from both.

The *narr.* counts on a contract of loan for a year, from the 27th February, 1843, to February 27th, 1844; whereas, the record given in evidence shows that the note was payable twenty days after date, and is dated 27th February, 1843. This error is filed under a misapprehension; for I cannot perceive that the *narr.* refers to the contract of loan at all, but to the forbearance of the creditor, or the time the debtor had the use of the money. This, as the court properly say, is correct in form and substance. But, granting that it is as stated in this point, it amounts to a variance between the decla-

ration and proof, for which defect no specific direction was prayed; and having omitted to point the attention of the pleader to the defect, he cannot now assign the variance as error. Had the variance been pointed out at the trial, the plaintiff would have had a right to amend, an advantage of which he is deprived by the course taken by the plaintiff in error. Judgment affirmed.